# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 19-1699V
Filed: April 27, 2021

```
*   *   *   *   *   *   *   *   *   *   *   *   *
```

| | | |
|---|---|---|
| MIR HASSAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Joint Stipulation; |
| | * | Guillain Barre Syndrome |
| v. | * | ("GBS"); Influenza ("Flu") |
| | * | Vaccine. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

```
*   *   *   *   *   *   *   *   *   *   *   *   *
```

*Nancy Meyers, Esq.*, Turning Point Litigation, Greensboro, NC, for petitioner.
*Claudia Gangi, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On October 13, 2019, Mir Hassan ["Mr. Hassan" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he suffered from Guillain Barre Syndrome ("GBS") after receiving an influenza ("flu") vaccine on October 12, 2018. Stipulation, filed April 27, 2021, at ¶¶ 1-4. Respondent denies that the immunization caused petitioner's injury. Stipulation at ¶ 6.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, the parties have agreed to settle the case. On April 27, 2021, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

> **A lump sum of $85,000.00 in the form of a check payable to petitioner, Mir Hassan.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**

MIR HASSAN,                                )
                                           )
                    Petitioner,            )
                                           )       **No. 19-1699V**
v.                                         )       **Chief Special Master Corcoran**
                                           )       **ECF**
SECRETARY OF HEALTH AND                    )
HUMAN SERVICES,                            )
                                           )
                    Respondent.            )
_____)

## STIPULATION

The parties hereby stipulate to the following matters:

1. Mir Hassan, petitioner, filed a petition for vaccine compensation under the National

Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program").

The petition seeks compensation for injuries allegedly related to petitioner's receipt of the

influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"),

42 C.F.R. § 100.3 (a).

2. Petitioner received the flu vaccine on or about October 12, 2018.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he suffered from a Table injury, Guillain Barre Syndrome

("GBS") within the Table timeframe after receiving a flu vaccine, or in the alternative, that his

alleged GBS was caused by the vaccine. He further alleges that he experienced the residual

effects of his alleged injuries for more than six months after vaccine administration.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that petitioner sustained a GBS Table injury; denies that the vaccine caused petitioner's alleged GBS, or any other injury; and denies that his current condition is a sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

A lump sum of $85,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

2

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. §
1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in
accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award
for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided
pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a
strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C.
§ 300aa-15(g) and (h).

13. In return for the payment described in paragraph 8 and any amount awarded pursuant
to paragraph 9, petitioner, in his individual capacity and on behalf of his heirs, executors,
administrators, successors or assigns, does forever irrevocably and unconditionally release,
acquit and discharge the United States and the Secretary of Health and Human Services from any
and all actions or causes of action (including agreements, judgments, claims, damages, loss of
services, expenses and all demands of whatever kind or nature) that have been brought, could
have been brought, or could be timely brought in the Court of Federal Claims, under the National
Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any
way growing out of, any and all known or unknown, suspected or unsuspected personal injuries
to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination
administered on October 12, 2018, as alleged by petitioner in a petition for vaccine compensation
filed on or about October 31, 2019, in the United States Court of Federal Claims as petition No.
19-1699V.

3

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that flu vaccine caused petitioner's alleged GBS, any other injury, or his current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

### END OF STIPULATION

/

/

/

4

Respectfully submitted,

**PETITIONER:**

MIR HASSAN

**ATTORNEY OF RECORD FOR
PETITIONER:**

NANCY R. MEYERS, ESQ.
300 North Greene Street
Suite 2000
Greensboro, NC 27401
Tel: (336) 645-3324
Email: nmeyers@turningpointlit.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:**

CAPT Dale Mishler, DHSc, for

TAMARA OVERBY
Acting Director, Division of Injury
 Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 04/27/02

**ATTORNEY OF RECORD FOR
RESPONDENT:**

Claudia B Gangi
by Heather L Pearl

CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 919-6599
Email: claudia.gangi@usdoj.gov